RAYMOND A. O'CONNOR, Respondent, v. LAHAY THEATRE CORPORATION and A. CHARLES HAYMAN, Respondents, and LAFAYETTE THEATRE BUILDING, INC., Appellant. SIDNEY B. PFEIFER, Respondent, v. LAHAY THEATRE CORPORATION and A. CHARLES HAYMAN, Respondents, and LAFAYETTE THEATRE BUILDING, INC., Appellant.— Judgment reversed on the law, with costs, and the complaints of the defendants LaHay Theatre Corporation and A. Charles Hayman against defendant Lafayette Theatre Building, Inc., dismissed, with costs. Memorandum: There was no ambiguity in the lease between the landlord and tenant. We hold, as a matter of law, that the income tax of the tenant was not one of the " customary and usual operating expenses of the theatre," and that it was not incurred as an expense " necessary for the proper management and operation of the theatre." It was a tax upon the income of the tenant. (*Hall Realty Co.* v. *Moos*, 200 App. Div. 66.) All concur. (The judgment is for defendants LaHay Theatre Corporation and Hayman and against defendant Lafayette Theatre Building, Inc., in actions to recover for services rendered by an accountant and an attorney.) Present — Sears, P. J., Crosby, Cunningham, Taylor and Dowling, JJ.

BARBARA SAYLES, an Infant, by Her Guardian ad Litem, SARAH SAYLES, Respondent, v. TOWN OF ONONDAGA, Appellant.— Judgment and order affirmed, with costs. Memorandum: We find in the record competent evidence which presented a question of fact whether that part of Kenneth avenue lying east of Smith avenue, where plaintiff was injured, and which had been concededly dedicated for highway purposes, had, by implied acceptance thereof by the defendant, become a town highway for the care and maintenance of which the defendant was responsible. We cannot say that the finding of the jury upon that question is against the weight of evidence nor that the amount of the verdict is excessive. We also conclude that the defendant's exception to a ruling by the trial justice, which was made upon its request to charge and is challenged upon this appeal, was not well taken. All concur. (The judgment is for plaintiff in an action for damages for injuries sustained by reason of running into a barbed wire fence while sliding down hill. The order denies a motion for a new trial.) Present — Sears, P. J., Crosby, Lewis, Cunningham and Taylor, JJ.